Filed 4/30/25  P. v. Curtis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LARON CLIFFORD CURTIS,<br><br>    Defendant and Appellant. | D083739<br><br><br>(Super. Ct. No. INF1600384) |


APPEAL from an order of the Superior Court of Riverside County, John D. Malloy, Judge.  Reversed and remanded with directions.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2022, Laron Clifford Curtis was identified by the California Department of Corrections and Rehabilitation (CDCR) as an inmate who was potentially eligible for resentencing under Penal Code[1] section 1172.75 because his judgment included a prior prison term enhancement (§ 667.5, subd. (b)) that had been rendered invalid by subsequent changes in law. The trial court nevertheless found Curtis ineligible for resentencing because the punishment on his enhancement had been stricken. We reverse because we conclude that section 1172.75 affords resentencing when a now-invalid prior prison term has been imposed on a defendant with the punishment stricken.

## BACKGROUND

In 2016, Curtis was charged in a second amended information (information) and convicted by a jury of inflicting corporal injury on his spouse (§ 273.5) and of personally inflicting great bodily injury (§§ 12022.7, subd. (e), 1192.7, subd. (c)(8)).

In addition to this substantive offense, the information also alleged that Curtis had sustained prior convictions in the Superior Court of the State of California, County of Riverside, case No. INF044329, of the crimes of kidnapping (§ 207), threats (§ 422), and assault with a weapon (§ 245, subd. (a)(1)). It specially alleged that each of these three crimes was a serious and violent felony under relevant provisions of the three strikes law (specifically, §§ 667, subds. (c) and (e)(1), and 1170.12, subd. (c)(1)). It further alleged the kidnapping conviction in case No. INF044329 was a serious felony within the meaning of section 667, subdivision (a). Finally, it alleged that Curtis had served a separate prison term for the threats conviction in case

---

[1]     Further unspecified statutory references are to the Penal Code.

No. INF044329, and that during the five years after the conclusion of that term he did not remain free of prison and did commit an offense resulting in a felony conviction, all within the meaning of section 667.5, subdivision (b).

In January 2017, the trial court held a hearing that included a bench trial on Curtis's prior convictions. At the conclusion of the bench trial, the court found it was true Curtis had incurred each of the three prior convictions alleged in the information. It further found each conviction was a serious and violent felony pursuant to sections 667, subdivisions (c) and (e)(1), and 1170.12, subdivision (c)(1). The court then considered Curtis's *Romero*[2] motion to strike the prior convictions pursuant to section 1385, and denied the motion.

Turning to the matter of sentencing, the trial court found there were several factors in aggravation[3] and no factors in mitigation. The court stated it was therefore obligated to impose the greatest possible term of imprisonment "for the current felony" under sections 667, subdivision (e)(2)(A) and 1170.12, subdivision (c)(2)(A) of the three strikes law. It selected an indeterminate term of life imprisonment with a minimum term

---

[2]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[3]    Specifically, the trial court found the following facts and circumstances in aggravation: Curtis used violence sufficient to cause great bodily harm (Cal. Rules of Court, rule 4.421(a)(1)), the victim was vulnerable (*id.*, rule 4.421(a)(3)), testimony was presented that Curtis, through jail calls, "made some efforts" to persuade the victim not to testify (*id.*, rule 4.421(a)(6)), Curtis took advantage of a position of trust or confidence (*id.*, rule 4.421(a)(11)), Curtis engaged in violent conduct that indicated a serious danger to society (*id.*, rule 4.421(b)(1)), Curtis had "numerous violent and serious felonies . . . going back to 1995" (*id.*, rule 4.421(b)(2)), he had served multiple prison terms (*id.*, rule 4.421(b)(3)), and his prior performance on parole had been unsatisfactory (*id.*, rule 4.421(b)(5)).

3

"on the indeterminate sentence" of 25 years—in other words, a term of 25 years to life. (See § 1170.12, subd. (c)(2)(A)(ii).)

The trial court then considered the punishment to be imposed for the enhancements. It chose the low term of three years for the great bodily injury enhancement "[i]n light of the punishment under the three strikes." It imposed an additional five years for the section 667, subdivision (a) (or "nickel") prior. Finally, the court recognized that it had "legal discretion to strike punishment on the prison priors" and stated it was, in fact, doing so "in light of the term already imposed." Thus, the total sentence was a term of eight years plus 25 years to life in state prison.

On January 18, 2017, the trial court filed an abstract of judgment that did not accurately reflect the sentence imposed for two of the enhancements. It erroneously reflected that Curtis was sentenced to five years for the prior prison term enhancement, when punishment for this enhancement had actually been stricken. And it wrongly indicated that punishment was stayed for the nickel prior, with the notation "S," when he actually received five years for this enhancement.

Then, three years later, the law on prior prison term enhancements changed. Prior to January 1, 2020, section 667.5, subdivision (b), required trial courts to "impose a one-year term for each prior separate prison term or county jail term" that the defendant had served, unless the defendant had remained free of custody for at least five years. (§ 667.5, former subd. (b); see *People v. Christianson* (2023) 97 Cal.App.5th 300, 309, review granted Feb. 21, 2024, S283189 (*Christianson*).) Effective January 1, 2020, the Legislature amended section 667.5, subdivision (b), to limit the enhancement to prior prison terms served for convictions of sexually violent offenses. (Stats. 2019,

4

ch. 590, § 1; see *People v. Tang* (2025) 109 Cal.App.5th 1003, 1006 (*Tang*) [discussing this history].)

This statutory amendment was made explicitly retroactive as of January 1, 2022, when section 1172.75 (originally numbered section 1171.1) was added to the Penal Code. (Sen. Bill No. 483 (2021–2022 Reg. Sess.); Stats. 2021, ch. 728, § 3.) Subdivision (a) of section 1172.75 provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Subdivision (b) of section 1172.75 directs the CDCR to identify and inform sentencing courts of persons in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." This information was to be provided by March 1, 2022 for individuals "currently serving a sentence based on the enhancement" and by July 1, 2022 "for all other individuals." (§ 1172.75, subd. (b)(1), (2).) Under subdivision (c) of section 1172.75, the sentencing court must then "review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid.*)

Section 1172.75 further provides "resentencing must 'result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds . . . a lesser sentence would endanger public safety.'" (*Tang, supra,* 109 Cal.App.5th at p. 1006, quoting § 1172.75, subd. (d)(1).) And the resentencing must include the application of "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).)

5

In June 2022, the CDCR identified Curtis[4] as one of several inmates "with a . . . [s]ection 667.5[, subdivision] (b) prior." On December 21, 2023, the trial court held a hearing to consider whether Curtis was eligible for resentencing under section 1172.75. The court concluded that he was not because "his prison priors were stricken." However, the court noticed errors in the abstract of judgment and ordered it amended.[5]

On December 27, 2023, the amended abstract of judgment was filed. Next to the enhancement for the nickel prior, the amended abstract reflects that the time imposed was five years. Next to the prior prison term enhancement, the amended abstract states "PS," which stands for "punishment struck."

---

[4] On August 6, 2024, Curtis filed a request for judicial notice of the June 2022 list as well as declarations establishing that the list contains the names of persons identified by the CDCR as eligible or potentially eligible for relief under Penal Code section 1172.75. We grant the request. (See Evid. Code, § 452, subd. (h) [courts can take judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy"].) Not only is it unopposed, but the People have affirmatively asserted in their response brief that the June 2022 list attached to the judicial notice request is a CDCR record that identifies Curtis as a potential beneficiary of the new legislation.

[5] In denying resentencing, the trial court incorporated comments and reasoning from an earlier resentencing matter (*People v. Chlad*, Riverside County Superior Court case No. BAF002073). On April 29, 2024, Curtis filed a motion to augment the record or alternatively to settle the record to include a transcript of the incorporated hearing as part of the record of this appeal. On May 20, this court granted the motion in part to the extent it sought settlement of the record. We subsequently received and have reviewed the transcript of the earlier hearing. We now grant the balance of Curtis's motion and take judicial notice of the content of the incorporated hearing.

DISCUSSION

Curtis contends the trial court erred by finding him ineligible for resentencing under section 1172.75. The People disagree. They argue that Curtis was, in fact, ineligible for resentencing because his judgment includes a prior prison term enhancement that was imposed with the punishment stricken.[6] Because this issue involves a question of statutory interpretation, our review is de novo. (*Tang, supra,* 109 Cal.App.5th at p. 1007.)

Courts have now addressed the scope of section 1172.75 resentencing in four scenarios. In each, the availability of resentencing has turned on the meaning of the statutory word "imposed." (See § 1172.75, subd. (a) ["Any sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, . . . is legally invalid" (italics added)]; *id.,* subd. (c) ["If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."].)

---

[6]     The People acknowledge in their respondent's brief that Curtis's sentence, as originally imposed, included a section 667.5, subdivision (b), enhancement for which the punishment was stricken. In his reply brief, Curtis likewise states the judge that originally sentenced him "imposed the prior prison term enhancement and only struck the punishment." During the December 21, 2023 hearing, when the trial court ordered Curtis's abstract of judgment corrected, it simply stated "[t]he 667.5(b) should be stricken; it should not be on there." Although it is clear in context the court was intending to have the abstract of judgment amended to match Curtis's original sentence, the court's directive would not have achieved this goal because it would have eliminated the enhancement from the abstract completely, and here the sentencing judge struck the punishment, not the enhancement. As it turns out, the clerk did not follow the court's directive and instead included it in the amended abstract next to the letters "PS." As amended, the abstract thus appears to correctly reflect the original disposition of the section 667.5, subdivision (b), enhancement. The parties do not claim otherwise.

7

The first scenario involves a defendant whose judgment includes a now-invalid prior prison term enhancement that was imposed as well as executed. (See, e.g., *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282 (*Renteria*) [noting in dicta that the statutory term "impose" encompasses enhancements that are imposed and executed].)  In that situation, the answer is easy:  the defendant qualifies for resentencing.  (See *ibid.*)

The second scenario seems equally uncontroversial.  It involves a defendant with a judgment that includes no prior prison term enhancement at all because the enhancement itself was ordered stricken from the judgment.  (*Tang, supra,* 109 Cal.App.5th at p. 1008.)  In *Tang,* this court concluded the conditions for statutory resentencing do not exist in that scenario because "a stricken enhancement cannot have been imposed within the meaning of section 1172.75."  (*Ibid.*)

The third and fourth scenarios have given courts more difficulty.  The third involves defendants with prior prison term enhancements that were imposed and then stayed.  In several published decisions, courts have considered whether section 1172.75 applies to these defendants.  (*Renteria, supra,* 96 Cal.App.5th at pp. 1282–1283; *People v. Rhodius* (2023) 97 Cal.App.5th 38, 43–48, review granted Feb. 21, 2024, S283169 (*Rhodius*); *Christianson, supra,* 97 Cal.App.5th at pp. 311–315, review granted; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1279, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, 672–676, review granted Aug. 14, 2024, S285853 (*Mayberry*); *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1154–1155 (*Bravo*).)

One court, *Rhodius*, held that it does not. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 44–45, review granted.) *Rhodius* interpreted " 'imposed' " to mean " 'imposed and executed.' " (*Ibid.*)

The rest, including this court in *Christianson*, held that it does. (*Renteria, supra*, 96 Cal.App.5th at pp. 1281–1282; *Christianson, supra*, 97 Cal.App.5th at pp. 312–315, review granted; *Saldana, supra*, 97 Cal.App.5th at pp. 1278–1279, review granted; *Mayberry, supra*, 102 Cal.App.5th at p. 668, review granted; *Bravo, supra*, 107 Cal.App.5th at p. 1155.) In *Christianson*, this court found "imposed" was "at least somewhat ambiguous" because it could mean " 'imposed and then *executed*' " as well as " 'imposed and then *stayed*.' " (*Christianson*, at p. 311, quoting *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.) We concluded after considering the context of the statute, as a whole, as well as its legislative history that "imposed" was intended to be understood in "the broader sense" and therefore encompassed enhancements that were imposed and stayed. (*Christianson*, at pp. 312–315.)

The fourth scenario involves the one we have here—a defendant with a prior prison term enhancement that was imposed, but with the punishment stricken. This scenario exists because "the Penal Code expressly recognizes" that "where 'the court has the authority . . . to strike or dismiss an enhancement,' it may 'strike the additional punishment for that enhancement.' " (*People v. Espino* (2024) 104 Cal.App.5th 188, 199, review granted Oct. 23, 2024, S286987 (*Espino*), quoting § 1385, subd. (b)(1).)

In *Espino*, a divided panel of the Sixth Appellate District held that a defendant in this scenario qualifies for statutory resentencing. The majority found the word " 'imposed' . . . should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*Espino*, *supra*, 104 Cal.App.5th at p. 193, review granted.) The

9

dissenting justice disagreed, largely on the basis of a statement of legislative intent that was not codified but that appears in the bill that enacted the resentencing scheme. (*Espino*, at p. 202 (dis. opn. of Lie, J.); see Stats. 2021, ch. 728, § 1 ["[I]n order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 of the [2019–2020] Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements."].)

On our de novo review, we reach the same conclusion as the majority in *Espino*. As will become evident, many of our reasons for doing so have already been articulated by other courts.

We start, as we must, by considering the statutory language. (See *People v. Blackburn* (2015) 61 Cal.4th 1113, 1123 [in interpreting statutes, courts must "begin with the text, giving the words their usual and ordinary meaning, while construing them in light of the statute as a whole and the statute's purpose" (cleaned up)].) The majority in *Espino* noted that the plain meaning of " 'impose' " is " 'apply (as a . . . penalty) as compulsory, obligatory, or enforc[ea]ble.' " (*Espino*, *supra*, 104 Cal.App.5th at p. 196, review granted, quoting Webster's 3d New Internat. Dict. (1993) p. 1136, col. 1.) On the basis of this definition of "imposed," it concluded that section 1172.75 encompasses prior prison term enhancements imposed with the punishment stricken. To us, it is less clear that we can reach this conclusion based on the word's plain meaning. As we stated in *Christianson*, the word "imposed" in section 1172.75, subdivision (a) is "at least somewhat ambiguous" as to whether it includes more than just imposed and executed prior prison term enhancements. (*Christianson*, *supra*, 97 Cal.App.5th at p. 311, review granted.)

10

However, when we consider the surrounding context, it tends to suggest "imposed" was not intended to be interpreted narrowly so as to exclude defendants whose judgments include a prior prison term enhancement with the punishment stricken. To explain why, we borrow again from *Christianson*. As we said there, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 311, review granted.) "Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment." (*Id.* at p. 312.)

Here, the pre-printed language on Curtis's abstract of judgment forms (both the original and amended versions) states that all enhancements for prior prison terms charged and found to be true are to be listed in box 3. In addition to directing the preparer to list such enhancements in the abstract of judgment, the forms instruct the preparer to additionally enter, next to each enhancement, either the time imposed, "S" for stayed, or "PS" for "punishment struck." The parties do not dispute that by virtue of his original sentence, Curtis's prior prison term enhancement is properly included in his abstract of judgment (although the original abstract incorrectly recorded the punishment imposed as five years). Nor do they dispute that his amended abstract correctly reflects his original sentence insofar as it lists the enhancement in tandem with the letters "PS." Thus, by virtue of the manner in which the trial court originally imposed Curtis's sentence, Curtis meets the essential conditions for being identified by the CDCR pursuant to subdivision (b) of section 1172.75. "Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would

11

necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.)

Further, at the verification stage, section 1172.75 merely requires the trial court to "verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) "[T]he use of the word 'verify' suggests that the . . . court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* [and executed] and not stayed [or stricken])." (See *Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.) "It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include[s] a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed"—or struck—"the relevant enhancements." (*Ibid.*)

The next provision in the statutory sequence—subdivision (d)(1) of section 1172.75—has sometimes created fodder for judicial disagreement. This provision requires the trial court, upon resentencing, to impose "a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) In *Rhodius*, the court stated this requirement "necessitates the conclusion that the repealed enhancement increased the length of the sentence." (*Rhodius, supra*, 97 Cal.App.5th at p. 44, review granted.) However, other courts have expressed contrary views. In *Espino*, for example, the majority noted that "in some circumstances, when an enhancement has been imposed but

12

punishment struck, '[t]he fact of the enhancement . . . remain[s]' and may adversely impact the defendant in other ways." (*Espino*, *supra*, 104 Cal.App.5th at p. 201, review granted.) We agree with this observation. Further, in *Bravo*, the court noted that when an imposed but stayed enhancement is eliminated from a judgment, the defendant has received a " 'lesser sentence' " because the new sentence has " 'fewer components to it.' " (*Bravo*, *supra*, 107 Cal.App.5th at p. 1156.) The defendant's sentence is also "lesser" in this sense when an enhancement imposed but with punishment stricken is eliminated. Thus, the requirement that section 1172.75 resentencing must result in a lesser sentence does not clearly indicate that the Legislature intended to exclude defendants like Curtis from receiving resentencing.

Further, interpreting section 1172.75 as affording relief to defendants with now-invalid enhancements, whether punishment on the enhancement was executed, stayed, or struck, is consistent with other indications showing the Legislature intended for the statute to apply broadly. As this court has previously explained, some of these indications appear in the statute itself. (*Christianson*, *supra*, 97 Cal.App.5th at p. 314, review granted.) In *Christianson*, we stated that it appeared from the breadth of relief afforded by subdivision (d)(2) and (d)(3) that "the Legislature intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid.*)

Others can be discerned from the statute's legislative history. For example, as originally drafted, the statute would have required the trial court to " 'administratively amend the abstract of judgment to remove any [now] invalid sentence enhancements.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 314, review granted, quoting Senate Com. on Appropriations, Analysis of

13

Sen. Bill No. 483 (2021–2022 Reg. Sess.), as amended Mar. 3, 2021, p. 2 .) This suggests the Legislature's goal was to eliminate invalid enhancements whenever they appeared in the judgments of defendants in custody. This goal is consistent with the conclusion the statute was intended to encompass enhancements that were imposed, and thus are part of the defendant's judgment, even though punishment for the enhancement was stricken. Further, although the original draft of the statute was later amended to require a full resentencing, as we explained in *Christianson* it appears from the legislative history the amendment was motivated by "concerns over the legality of administratively amending abstracts, as opposed to the more common [and judicially accepted] practice of conducting a full resentencing." (*Christianson*, at pp. 314–315; see Senate Com. on Appropriations, Analysis of Sen. Bill No. 483 (2021–2022 Reg. Sess.), as amended Mar. 3, 2021, pp. 3–4.) Thus, the subsequent amendment does not negate the conclusion the statute was intended to afford relief as broadly as possible so as to eliminate the invalid enhancements whenever they were included in a prisoner's judgment.

We also note that the statement of legislative intent relied on by the *Espino* dissent appeared in the same, earlier draft of the statute, and it introduced a provision that (if it had been enacted) would have required trial courts to administratively amend abstracts of judgment to "remove *any* [now] invalid sentence enhancements." (See Senate Com. on Appropriations, Analysis of Sen. Bill No. 483 (2021–2022 Reg. Sess.), as amended Mar. 3, 2021, p. 2, italics added.) The word "any" signals breadth. Thus, when the preamble is read in light of the broad scope of relief that would have been afforded by the original version of the statute, it becomes very difficult to conclude that the Legislature that drafted both the preamble and the

14

accompanying broad provision truly intended to benefit only a narrow class of defendants.

Further, although parts of legislative reports in the bill's history have been taken as evidence of a legislative intent to help only those defendants serving more time because of the now-invalid enhancement (e.g., *Rhodius*, *supra*, 97 Cal.App.5th at pp. 46–47, review granted [discussing legislative analyses suggesting Sen. Bill. No. 136 (2019–2020 Reg. Sess.) was intended to ameliorate the "longer periods of incarceration" or that Sen. Bill No. 483 (2021–2022 Reg. Sess.) would reduce costs of confinement]), in our view this reads too much into the excerpted policy statements. As the *Espino* majority explained, one cannot assume section 1172.75 "had a single, exclusive purpose." (*Espino*, *supra*, 104 Cal.App.5th at p. 199, review granted.) " '[L]egislation does not always—or even often—work this way.' " (*Ibid.*, quoting *People v. Hardin* (2024) 15 Cal.5th 834, 853–854.)

We also note that to the extent ambiguity remains after all tools of legislative interpretation are applied, like the *Espino* majority, we must be "cognizant" of the rule of lenity. (*Espino*, *supra*, 104 Cal.App.5th at p. 201, review granted.) Under this rule, even if we were to conclude that the reasons for and against a broad interpretation of the statute "stand in relative equipoise," we would have to adopt the interpretation that favors Curtis. (*Ibid.* [cleaned up], quoting *People v. Reynoza* (2024) 15 Cal.5th 982, 1012.)

For all of these reasons, we reach the same conclusion as the majority in *Espino*: Section 1172.75 applies when a prior prison term enhancement was imposed, whether punishment on the enhancement was executed, stayed, or stricken. (*Espino*, *supra*, 104 Cal.App.5th at p. 193, review granted.)

15

The People ask us to follow either *Rhodius* or the *Espino* dissent instead. But when we decided *Christianson*, we were aware of *Rhodius*. We stated that for the reasons articulated in our opinion, "we respectfully disagree[d]" with the *Rhodius* court's interpretation of section 1172.75 as including only those enhancements that were imposed and executed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 316, fn. 8, review granted.) We continue to find *Christianson* persuasive, and so we decline the People's invitation to follow *Rhodius* instead. As for the *Espino* dissent, we have already explained why we find its focus on the Legislature's statement of intent misguided, and why we side with the result reached by the *Espino* majority. The arguments in the People's response brief do not persuade us to adopt a different view.

We conclude that Curtis's original sentence, which included a now-invalid prior prison term enhancement (§ 667.5, subd. (b)) that was imposed with the punishment stricken, made him eligible for full resentencing pursuant to section 1172.75, and the trial court erred when it ruled otherwise.

## DISPOSITION

The order is reversed, and the matter is remanded to the trial court with directions to recall Curtis's sentence and resentence him consistently with section 1172.75 and current law.

DO, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.

17